### GWYER et al. v. GWYER et al.

(Supreme Court, Appellate Division, First Department. May 8, 1896.)

WILLS—CONSTRUCTION—VESTED INTERESTS.

A will directed a share of the net income from testator's property to be equally divided between his children each quarter during the lifetime of his wife, and, at her death, that all his property should be divided equally between his children left surviving him. *Held*, that his children living at the time of his death took at once a vested interest, both in the property and in the income, and that a son dying during the lifetime of his mother could dispose by his will not only of his interest as remainder-man, but also his equal share of the income thereafter accruing during the life of his mother.

Appeal from special term, New York county.

Action by Mary A. Gwyer, as executrix and trustee, and another, against Christopher Gwyer, William E. Gwyer, and others, to obtain the construction of a will. From the judgment, Christopher Gwyer appeals. Affirmed.

The portions of the will which affect the questions raised are the following: "Fourth. All the rest, residue, and remainder of my said estate, real and personal, I give, devise, and bequeath to my executors hereinafter named in trust and upon the conditions hereinafter mentioned, that is to say: In trust that they shall, during the lifetime of my said wife, receive and collect all the rents, incomes, dividends, and profits thereof, and after paying all necessary expenses for improvements, repairs, taxes, and assessments thereof, that they shall, from said net income, pay yearly, and every year, during the life of my said wife, the sum of fifty dollars per annum, in semiannual payments, to my stepmother, Mary Raymond, and the like sum of fifty dollars per annum, in like manner, to my niece Emily Wignall, of Illinois. And that,

as to all the residue of the said net income of my said estate, that they pay the one-third thereof annually, in quarter-yearly payments, to my said wife, for her own use, and that, as to the other two-thirds thereof, that in each and every quarter they divide the same equally between my children. * * * Sixth. I direct that all the provisions for legacies and annuities herein made shall take effect and be payable immediately upon my decease, and shall carry interest from the day of my death." "Eighth. And, upon the death of my said wife, my will is, and I direct, that all my estates shall be equally divided between my children whom I shall have left surviving me, share and share alike. And if any child or children of mine shall have died, leaving lawful issue him or her surviving, said issue shall take among them, collectively, the share to which his, her, or their parent would have been entitled, if living." The estate consisted of both real and personal property. The testator's widow is still living. The testator left no descendants of any deceased child, but left, him surviving, six children, one of whom, John C. Gwyer, has died since the testator, without issue, and leaving a will in which he bequeathed all his property (except certain life insurance) to his brother, the defendant William E. Gwyer, who was appointed executor of his will. Prior to his death, John C. Gwyer, being indebted to his father, the testator, executed to the plaintiffs, as executors, his personal bond for the amount of such indebtedness, and a mortgage to secure the same upon his share of the estate in remainder in the property, real and personal, of which said Christopher Gwyer died seised and possessed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Delos McCurdy, for appellants.
Edward B. Hill, for respondents Mary A. Gwyer and others.
E. A. Brewster, for respondent William E. Gwyer.

O'BRIEN, J. The questions involved in this appeal are: (1) Did John C. Gwyer own a vested interest in remainder in one-sixth of the property disposed of under his father's will? (2) Is William E. Gwyer, either individually, or as legatee or executor of the will of John C. Gwyer, entitled to receive the portion of the income which the latter, if living, would have been entitled to? And (3) if William E. Gwyer is entitled to take under the will of John C. Gwyer, does he take such vested estate in remainder, charged with the payment of the mortgage? In determining these questions, resort may profitably be had to certain canons of construction which have received judicial sanction. The primary canon requires that the intention of the testator, as gathered from the entire will, shall control, and that, in cases of doubt as to whether an estate was intended to vest or not, the law always favors the vesting. Another is that, unless a different intention is expressed, "the children referred to in a will are those living at the testator's death." In re Seebeck, 140 N. Y. 241, 35 N. E. 429. This case, and those of Goebel v. Wolf, 113 N. Y. 405, 21 N. E. 388, and In re Tienken, 131 N. Y. 391, 30 N. E. 109, are, in principle, upon the questions here involved, controlling. In the case of Goebel v. Wolf, where the question arose over the construction of a residuary clause, and where the language was susceptible of a construction that the gift there was future and contingent, and not vested, because it was found in a direction to divide at a future time, nevertheless, following the construction that the intent of the testator should control, it was held that the gift was not to the children as a class, but each took

a vested remainder in one-fourth of the residuary estate, depending upon the termination of the trust, and that the share of the one who died, with the accumulations of income therefrom, descended to his heirs or next of kin, according to the nature of the property; also, that such descendants were entitled to any income which might thereafter accrue during the trust period. It will be noticed, in referring to the eighth article of the will here in question, that, in making a disposition of the estate itself, the language is:

"And, upon the death of my said wife, * * * I direct that all my estates shall be equally divided between my children whom I shall have left surviving me, share and share alike. And if any child or children of mine shall have died, leaving issue him or her surviving, said issue shall take among them collectively."

The difference between the language thus used in disposing of the estate, and that used in disposing of the income, by the fourth article, consists in the fact that the latter clause of the eighth article, providing for the taking by issue in case of the death of any child, is not found in article 4. And it is upon this omission or circumstance that much of the argument of the appellants is built, and while conceding that, as to the estate itself, a vested remainder was created in favor of each child, which would go, in the event of the death of any child, to his or her issue, it is urged that the same cannot be said of the provision relating to the net income; the contention being that the testator intended to mark and emphasize a distinction between the net income and the disposition thereof, and the estate itself and the ultimate disposition thereof. We think, however, that the appellants give undue weight to the fact that the testator, when speaking of the disposition of the income, says nothing about the survivorship in case of the death of any child, while, when he speaks of the corpus or estate itself, he does provide for its ultimate disposition in case of the death of any of the children during the continuance of the trust estate. Speaking, as the will does, from the death of the testator, his intention is clearly expressed that it was his children then living who were to take the net income; and the question really turns upon whether they were to take it as a class or distributively. This we think must be resolved in favor of the latter view, because the surplus income above the one-third given to the widow is not given to the children as a class, but distributively. It is directed to be divided "among my children equally." No child is given any right in the shares of the others. Construing this will, therefore, in the light of the authorities referred to, we think that John C. Gwyer took a vested estate in one-sixth of the income, and also of the corpus of the property; and he having left no issue who would succeed to the corpus, and his interest, therefore, being divisible and alienable, his estate passed, under his will, to his brother William E. Gwyer, who, as to both the income and the corpus, occupies the same position, with the same rights and obligations, as to such share, as John C. Gwyer had at the time of his death. John C. Gwyer having mortgaged his vested estate in remainder, it is but just that such mortgage should be declared to be a valid lien thereon, and that William E. Gwyer, as

legatee and devisee thereof, take such vested estate in remainder, charged with the payment of the mortgage.

As we have thus reached the same conclusion arrived at by the learned trial judge, the judgment appealed from should be affirmed, with costs. All concur.