## Matter of the Estate of MINNA J. L. GROSVENOR, Deceased.

(Surrogate's Court, New York County, December, 1918.)

Legacies — wills — when legacies are demonstrative and not specific — commissions — Code of Civil Procedure, § 2753.

A bequest to a sister of testatrix and another of a specific part of the personal estate is not a bequest of any particular part of her property to any particular legatee.

Where testatrix in a bequest to her sister and another, of all her furniture, ornaments, glass, etc., and "all other personal effects in said house" expresses the wish that the contents of the house shall not be sold but divided between the legatees share and share alike according to value, the legacies are demonstrative and not specific, and under section 2753 of the Code of Civil Procedure the executors are entitled to commissions thereon.

PROCEEDING upon settlement of the accounts of executors.

Misc.] Surrogate's Court, New York County, December, 1918.

Cadwalader, Wickersham & Taft, for petitioners.

Egerton L. Winthrop, Jr., for Comet L. H. Stead.

FOWLER, S. Upon the accounting of the executors a question arises as to their right to commissions upon the personal property bequeathed by the testatrix in the 1st paragraph of her will. That paragraph reads as follows: " I also give and bequeath to the said Gertrude Gibert and to my sister, share and share alike, all of the furniture, ornaments, glass, china, silverware, wearing apparel, silver, plate, jewelry and all other personal effects in said house * * *. It is my wish that the contents of the house bequeathed as above to my sister and Miss Gibert shall not be sold upon the settlement of my estate, but shall be divided between the two legatees, each legatee to receive articles approximately equal in value to those received by the other legatee, such value to be ascertained by an appraiser or appraisers selected by my executors. On the basis of such appraisal my executors shall make a division of said contents between said legatees, and where both legatees desire the same article my said executors may, in their discretion, permit them to draw therefor, making such adjustment as may be made necessary by the result of such drawing."

Section 2753 of the Code provides that executors shall be entitled to commissions upon the value of the personal property distributed or delivered, except specific legacies. Therefore, if the legacies given to Gertrude Gibert and Comet Ludeling Stead in the 1st paragraph of the will are specific legacies, the executors are not entitled to commissions on them.

In *Crawford* v. *McCarthy,* 159 N. Y. 519, the court defined a specific legacy as " a bequest of a specified

Surrogate's Court, New York County, December, 1918. [Vol. 105.

part of a testator's personal estate distinguished from all others of the same kind.'' While the bequest contained in the 1st paragraph of the will of the testatrix is of a specific part of her personal estate, it is not a bequest of any particular part of her property to any particular legatee. Neither Gertrude Gibert nor Comet Ludeling Stead could legally claim that she was entitled to any particular one of the articles mentioned in the 1st paragraph of the will. The title to any particular article did not, upon the death of the testatrix, pass to either of the legatees, and the executors could not, until the appraisal and division provided for in the will had been made, deliver to either of them any particular article. Only a legacy of a particular thing, specified and distinguished from all others of the same kind belonging to the testator, is specific. In the case of a specific legacy, the title passes to the legatee, subject only to the right of the executor to use it for the payment of debts, if the remainder of the personal property is insufficient for that purpose. *Blood* v. *Kane,* 130 N. Y. 514. But in the matter under consideration the title to the articles mentioned in the 1st paragraph of the will did not pass to either of the legatees; each of them became entitled to particular articles only after appraisal of all the articles by persons selected by the executors and a division and allotment by the executors. Before the articles became the property of the legatees the executors had to perform the executorial function of selecting appraisers, having the articles appraised and then dividing them into equal shares. It seems to me, therefore, that the bequests contained in the 1st paragraph of the will are rather of the nature of demonstrative legacies than specific legacies, as the executors were directed to perform certain executorial func-

tions in connection with them before the specific arti-
cles became the individual property of the legatees.
The executors are entitled to commissions upon the
value of the property. *Matter of Fisher,* 93 App. Div.
189.

As the executors are entitled to commissions upon
the value of the personal property bequeathed by the
1st paragraph of the will, the value of the property
should be included in ascertaining the value of the
estate for the purpose of determining whether each
of the executors is entitled to full commissions.

Decreed accordingly.