In the Matter of the Estate of EDWARD J. BERWIND, Deceased.

Surrogate's Court, New York County, May 25, 1943.

*Walter D. Fletcher* and *Laurence D. Kieran* for Charles E. Dunlap and Guaranty Trust Company of New York, as executors, petitioners.

*Mitchell, Taylor, Capron & Marsh* for Robert E. Strawbridge and Girard Trust Company, as executors and trustees of Anita B. Strawbridge, deceased, respondent.

*Roland L. Redmond* and *McDonald E. Wrenn* for Robert E. Strawbridge, Jr., and another, respondents.

*Conboy, Hewitt, O'Brien & Boardman* for Frederica B. Porter, respondent.

*Joseph Trachtman* for Robert E. Strawbridge, individually, respondent.

*Walter G. Dunnington,* special guardian for Margaret C. Behn and others, infants.

FOLEY, S. This is an accounting proceeding brought by the executors. The principal dispute arises as to the validity of the exercise of the power of appointment granted by the will of the testator, as donor, to his niece, Anita B. Strawbridge, as donee.

Edward J. Berwind, the testator, died on August 18, 1936. His niece died July 20, 1942. She was a resident of Pennsylvania. Her will has been admitted to probate in that State. Mr. Berwind in his will created a trust of his residuary estate with directions to pay the income to various beneficiaries in fractional shares. The trust was measured by the lives of his sister, Julia A. Berwind, and his nephew, Charles E. Dunlap. Both are living.

In the creation of the power of appointment here involved, he authorized his niece to appoint by her will the disposition of one thirtieth of the net income during the trust period. The donee was given the additional right to appoint by her will the principal of that fractional share. In default of the exercise of the power of appointment, direction was made in the donor's will that such share be paid to the living descendants of his niece *per stirpes.* There was an alternative disposition in default of such descendants, which is not material here. The particular fund in dispute amounts in value to approximately $300,000.

The Surrogate holds that the attempted exercise of the power of appointment is wholly void by reason of the suspension of the absolute ownership beyond the permissible period and in contravention of our statutes against perpetuities. (Real Property Law, §§ 42, 178, 179; Personal Property Law, § 11; *Fargo* v. *Squiers,* 154 N. Y. 250; *Farmers' Loan & Trust Co.* v. *Kip,* 192 N. Y. 266; *Matter of Hayman,* 134 Misc. 803, affd. 229 App. Div. 853, affd. 256 N. Y. 557; *Low* v. *Bankers Trust Co.,* 270 N. Y. 143.)

Mr. Berwind at the time of his death was a resident of the State of New York. His niece, as previously stated, was a resident of Pennsylvania. Her will was drawn by an attorney of that State. In the disposition of her individual property, as

distinguished from the appointive property, its terms are apparently valid under the law of Pennsylvania, but insofar as it affects the disposition of the appointive property under our law, its terms are fatally ineffective.

The law of the domicile of the donor controls the determination of the validity and effect of the exercise of a power of appointment. (*Matter of New York Life Ins. & Trust Co.* [*Hallgarten*], 209 N. Y. 585; *Matter of Harriman,* 124 Misc. 320, affd. on the opinion of the Surrogate, 217 App. Div. 733; *Chase National Bank* v. *Chicago Title & Trust Co.,* 271 N. Y. 602, affg. 246 App. Div. 201 and 155 Misc. 61.) In testing the validity of the appointment we are required to read into the provisions of the donor's will the directions contained in the donee's will. The appointive dispositions are to be construed as if they had been incorporated in the will creating the power. (*Fargo* v. *Squiers, supra; Low* v. *Bankers Trust Co., supra;* Real Property Law, § 178.)

In the application of these rules the illegality of the donee's testamentary plan is established. Mr. Berwind had fixed the measurement of the period of the trust by the lives of his sister and nephew. Mrs. Strawbridge, the donee, added to the trust period, which had been legally exhausted by the donor's will, subsequent invalid life estates. She divided the residuary trust into two parts. As to the first part she added to the original trust term a third life estate for the benefit of her husband. As to the remaining half she added a third life estate for the benefit of her daughter. She added fourth life estates after the daughter's death for the respective children of her daughter. All these subsequent life estates which were to come into existence after the original trust term created by Mr. Berwind are void. (*Farmers' Loan & Trust Co.* v. *Kip, supra.*)

No part of the testamentary plan under the niece's will can be saved by invoking the principle of judicial surgery. The parts are so interwoven as between invalid life estates and invalid remainders and other forms of void dispositions that it is impossible to salvage any of them.

The donee's will, in its application to the income of the one-thirtieth share, violates our statute prohibiting accumulations. (Real Property Law, § 61; Personal Property Law, § 16.) Mrs. Strawbridge might have provided that the income be paid to her husband or her son or her daughter during the valid unexpired period of the trust fixed by her uncle, Mr. Berwind. Instead, in substance and in effect, she directed the retention of the income

of the appointive fund as principal under her will. She provided for its investment and reinvestment as part of capital, with further direction to pay income upon such accumulated income. All these provisions are void. (*Equitable Trust Co.* v. *Miller*, 197 App. Div. 391, affd. 233 N. Y. 650; *Matter of Lewis,* 147 Misc. 857, affd. 240 App. Div. 938; *Matter of Segura,* 110 Misc. 624.)

Again, the invalid life estates created by the will of Mrs. Strawbridge cannot be excised nor the contingent remainders accelerated.

As to the remainder of one half of the residue dependent upon the life of her husband, survivorship until his death was required as a condition for her son to take. In the event that the son failed to survive the husband, a class of contingent remaindermen was created — the descendants of the son. Alternative contingent gifts of the remainder to other persons were made in the event that the son died without descendants.

As to that part of the principal dependent upon the life of the daughter of Mrs. Strawbridge, the remainders were contingent and ascertainable only at the death of the children of such daughter. Thus, an illegal event was fixed for the identification of the class of persons who would take at the termination of the fourth life in the combined period of the trusts under the donor's and donee's wills.

The contingent nature of the remainders of the fund which are subject to the life of the husband and of the daughter of the donee and the fact that all of them take effect at the termination of an unlawful period prevent the application of the rule of acceleration. The remainders fall with the invalid life estates. (*Matter of Durand,* 250 N. Y. 45; *Matter of Silsby,* 229 N. Y. 396; *Matter of Trotter,* 175 Misc. 356, 361.) "The law does not accelerate remainders except in favor of the same persons who would take them if the intermediate estate, expunged as illegal, had been allowed to run its course." (CRANE, J., in *Matter of Durand, supra,* at p. 55.)

The Surrogate, therefore, holds, because of the invalidity of the exercise of the power, that the income and remainder vested in the alternative beneficiaries designated in the donor's will. Determination will now be made, however, only as to the persons entitled to the income during the unexpired period of the trust fixed in Mr. Berwind's will. The directions for the payment of income are contained in article sixth, subdivision A.(c). They create a fluctuating class of income beneficiaries much similar to the will construed by me in *Matter of Pulitzer*

(148 Misc. 116, affd. 241 App. Div. 858, affd. 265 N. Y. 522). In order for a designated beneficiary to receive the income, he or she must be living at the time of " the accrual thereof." The class of persons entitled to income is defined as the descendants of the person who was given the power of appointment and a stirpital distribution is to be made. I hold, therefore, that under the terms of subdivision A.(c) of article sixth, income is presently payable and will continue to be payable to the donee's children, Robert E. Strawbridge, Jr., and Anita Strawbridge Grosvenor, in equal parts. If either of them should die during the period of the trust, the alternative provision for a stirpital distribution to their issue will come into effect.

I have purposely refrained from making any determination as to the persons who will be entitled to the remainder of the fractional share of the fund dependent upon the life of Mrs. Strawbridge because that question is now academic. Determination should properly await the expiration of the trust when the actual situation will be known. (*Matter of Stillman,* 161 Misc. 315; *Matter of Mount,* 185 N. Y. 162; *Looram* v. *Looram,* 269 N. Y. 296, 304; *Matter of Franklin Trust Co.,* 190 App. Div. 575.) " Attempts to settle points that may arise under a will creating estates in expectancy are often futile. Such an effort, noticeably painstaking, in *Manice* v. *Manice* (43 N. Y. 303), did not prevent another litigation upon the same will which reached the Court of Appeals thirty-five years later. (*Matter of Mount,* 185 N. Y. 162, 170, * * *.) " (*Matter of Franklin Trust Co., supra,* at p. 577.)

Finally, the contention urged by certain of the parties that the doctrine of the marshalling of assets should be applied to the situation here, must be overruled. That rule was applied in *Fargo* v. *Squiers* (154 N. Y. 250, *supra*) where invalid suspension of the appointive fund was made by the donee's will. It was held that the equities of the situation justified a partial saving of the donee's general plan, by a direction that the pecuniary bequests in the donee's will and her debts be paid out of the appointive property.

But where equities are lacking the doctrine of marshalling has been rejected. (*Farmers' Loan & Trust Co.* v. *Kip* (192 N. Y. 266, *supra; Low* v. *Bankers Trust Co.,* 270 N. Y. 143, *supra.*) The general rule is that the testator's personal estate constitutes the natural and primary fund for the payment of legacies as well as of debts. Indications of the intent of Mrs. Strawbridge to follow that rule are revealed in her will. There was a general direction to pay her debts.

Estate taxes were ordered to be paid out of her general estate. The only pecuniary bequests were for the benefit of her employees, with instructions that they be given such sums of money as her husband should deem appropriate. That provision is void for indefiniteness under the law of New York because the amounts of the legacies are omitted from the testamentary instrument. There are other considerations present which preclude any recognition by equity. The amount of the individual property far exceeded the amount of the appointive fund. Inequity would result by the diversion of the funds within the donor's estate to the payment of the donee's debts or for other purposes, in order to swell the residuary estate in which the undue suspension so grossly violates the public policy of our State designed to vest future interests within a reasonable period. Under these circumstances, there is no justification for marshalling the assets of the two funds. (*Farmers' Loan & Trust Co.* v. *Kip, supra; Low* v. *Bankers Trust Co., supra.*)

Upon the remaining question the Surrogate holds that the executors are entitled to commissions upon the value of the personal property specifically bequeathed under article third of the will. Ordinarily, commissions are not allowable on the value of the specific legacies. (Surrogate's Ct. Act, § 285.) But here, responsibility was placed upon the executors for the custody and supervision of distribution to the three named legatees. The fact that such persons had the right to request the allotment of specific articles of property in writing does not affect the general rule that commissions are allowable in these exceptional cases. Where the will creates responsibility for division among two or more specific legatees, compensation, in the form of commissions, may be awarded for the duties imposed. (*Matter of Brooks,* 119 Misc. 738, affd. 212 App. Div. 868; *Matter of Kadjar,* N. Y. L. J., March 11, 1933, p. 1442; *Matter of Grosvenor,* 105 Misc. 344; *Matter of Fisher,* 93 App. Div. 186, 189.)

Submit decree on notice construing the will and settling the account accordingly.