S. Samuel Di Falco, S.
In this proceeding for the settlement of the account of the Hanover Bank as an executor of the estate, the widow of the deceased, the coexecutrix and a legatee, has declined to join in the account and has filed objections to the allowance of commissions on assets which the objectant asserts were the subject of specific legacies (Surrogate’s Ci Act, § 285, subd. 2).
*64 The first five articles of the will may be summarized as follows: Article first contains directions for the payment of all debts, funeral and administration expenses. The second article bequeaths to Alice C. Kuker, wife of the testator, “ all cash on hand and monies on deposit that may remain after the debts and expenses referred to in Article £ FIRST ’ of this my Last Will and Testament have been paid or provided for; also all my goods and personal effects The third article gives a legacy of $5,0.00 to the United Hospital Fund of New York which, “ at the option of my Executors, may be paid in whole or in part, in stocks and/or bonds and/or other securities of my Estate, at their fair market value at the time of payment, or from the proceeds of the sale of any such stocks and/or bonds and/or other securities ”, and the fourth article provides for legacies of $5,000 to each of three named brothers of the testator with a like option as to payment conferred upon the executors. Article fifth gives “ all of my remaining stocks and/or bonds and/or other securities, in trust, nevertheless ” for the benefit of the widow for life with remainder to the appointees of the widow" or to the brothers of the testator.
No commissions are claimed by the executor in connection with the tangible personal property embraced within the gift of <£ goods and personal effects ”, but it asserts a right to full commissions on the balance of cash transferred to the widow and on the securities transferred to the trustees of the article fifth trust, as well as on the proceeds of sales of securities which were made by the executors under a power conferred upon them in article tenth of the will.
It is not necessary to determine whether the legacies in articles second and fifth of the will would be classified as specific legacies for all purposes and in the strict technical sense of that term. It appears to be well settled that the words £ ‘ specific legacy ’ ’, as used in subdivision 2 of section 285 of the Surrogate’s Court Act have a more restrictive meaning than is usually given to the words in their technical sense. (Matter of Fisher, 93 App. Div. 186, 189; Matter of Brooks, 119 Misc. 738, affd. 212 App. Div. 868; Matter of Berwind, 181 Misc. 559, 565; Matter of Marshall, 199 Misc. 431, 434; Matter of Grosvenor, 105 Misc. 344; Matter of Mattes, 12 Misc 2d 502.) Section 285 is a statute designed to fix reasonable compensation for executors, administrators and guardians. Reasonable compensation must always be measured by the character and extent of the services rendered. The Legislature has fixed the gross value of the property received and distributed by the fiduciary as a fair measure both of the extent of the services to be rendered and their reasonable *65 value. "When a literal interpretation of the terms of section 285 would produce an unreasonable and unfair result, ‘ ‘ the courts have rejected a literal construction and have adopted a construction less unreasonable and more consonant with common sense.” (Matter of Schinasi, 277 N. Y. 252, 259.) Heading the statute with an eye to its purpose and scope, the test, in cases such as this, seems to be whether or not the will requires the executor to perform regular executorial duties with respect to the property.
Ordinarily, an executor takes only a qualified title to property specifically bequeathed, that is, he may take and apply it in discharge of the debts of the testator, after first exhausting all other property available for that purpose. If the executor assents to the delivery of the property to the specific legatee, the legatee acquires good legal title to the property. (Blood v. Kane, 130 N. Y. 514, 517.) The executor is under no obligation to take the subject matter of a specific legacy into his possession or to make delivery of it to the legatees. (Matter of Utica Trust & Deposit Co., 148 App. Div. 525; Matter of Columbia Trust Co., 186 App. Div. 377, 380.) The specific legatee must take the property “ as and where it is.” (Matter of Columbia Trust Co., supra, p. 381.) Thus, an executor ordinarily does not have any substantial services to perform in respect to the subject matter of a specific legacy. He is not bound either to collect it or to distribute it.
The will of this testator does impose active duties upon the executors with respect to the property bequeathed in articles second and fifth of the will. The executors were under a duty to take into their possession all of the cash held by the testator at the time of his death. The will makes this legacy subject to the payment of all debts, funeral expenses and administration expenses. The executors were, therefore, required to hold the cash, to pay the debts and expenses and to transfer only the balance to the legatee. With respect to the stocks, bonds and other securities, the executors were required to take the assets into their possession and to make a determination whether to pay the legacies under articles third and fourth in cash or in kind. Moreover, the testator in article tenth of his will, explicitly authorized his executors to retain any assets “which in their discretion should be retained or to sell same, in whole or in part ’ ’, and to invest the proceeds in the type of investment permissible for executors generally. This grant of power is meaningless unless it was intended to refer to the stocks, bonds or other securities. The power to sell or to retain imposed a duty upon the executors to give their attention to each security in the portfolio and to come to a decision as to whether the interests *66 of the estate required the sale or retention of that security. The executors did in fact sell certain securities and made certain new investments. The terms of this will created responsibility on the part of the executors and required them to perform executorial functions with respect to the property bequeathed in articles second and sixth. The court, therefore, holds that the accounting executor is entitled to commissions on the assets embraced within these articles. The objections to such commissions are overruled.
Submit decree on notice settling the account accordingly.