S. Samuel Di Falco, S.
An objection to the executors’ account by the guardian ad litem of infant contingent remainder-men poses the question of the executors’ right to commissions on unsold realty which they conveyed in unequal shares to themselves as trustees of two residuary trusts. The realty passed under the residuary clause of the will which directed a division in two equal parts, one of which was set up in a marital deduction trust and the other in trust for the benefit of the widow, with a limited power to appoint to issue or, failing appointment, then in further trust for the two daughters or their issue. The will directed that all estate taxes be paid out of the second part of the residuary estate. It is this allocation which resulted in trusts of unequal size.
The gross estate was valued at slightly over $1,171,000 of which $950,000 represented the value of the parcel of realty. The debts and administration expenses, including taxes, were just under $250,000. Thus it is patent that the executors would either have to sell the realty or arrange to divide it between two trusts of unequal size. The will gave the executors broad power to sell the realty and it authorized them “ to make distributions (including distributions to themselves as trustees) in kind or in money, or partly in each, in shares which may be composed differently ”, except, -of course, that the marital deduction trust could not include any asset which would imperil the marital deduction. The executors accordingly distributed 64.55% of the realty to the marital trust and 35.45% to the *320 second trust. Each trust principal is proportionately indebted to income for funds borrowed to meet principal obligations for debts and expenses.
The executors contend that, inasmuch as executorial judgment and action were required respecting the realty, it must be deemed to have been received and paid out within the meaning of SOPA 2307. The guardian ad litem relies upon the well-established rule that, when real property vests pursuant to the terms of the will and the executorial power of sale expires, the executors are not entitled to commissions on such real property even where the executors confirm the legatees’ title by a fiduciary’s deed. (Matter of Saphir, 73 Misc 2d 907, 909-911.) No one disputes the general rule. What the executors say is that there are exceptions to that rule and that this case comes within the exceptions.
In Matter of Roth (53 Misc 2d 1066, 1068-1070, mod. 29 A D 2d 941) this court adverted to some of the fundamental principles governing fiduciary compensation in the State of New York. The rules enacted by the Legislature represent an effort to furnish a standard which fairly measures the value of fiduciary services and at the same time minimizes the need for and the expense of litigation over such fees. For an executor, the test is the value of the property which he is “ receiving and paying out.” (SCPA 2307.) The courts have given to the words just quoted a reasonable meaning in line with the general purpose of the statute, rather than a strict literal interpretation. (Matter of Schinasi, 277 N. Y. 252, 259-260.) Beal property usually passes directly to a devisee by virtue of the terms of the will, and hence it does not ordinarily form part of the body of property which is administered by the executor. Unless the realty is devised to him, the executor does not take title to realty, although he may have power to sell it. That title passes directly from the testator to the devisee without any act on the part of the executor is sometimes cited in support of the finding that the executor did not receive the realty within the meaning of the commission statute, but the real basis of the decisions is that the executor performed no act in relation to the realty under authority given to him by the will or under general rules of law. (See Matter of Salomon, 252 N. Y. 381, 384.)
The policy guiding the interpretation of the statute is perhaps nowhere more clearly revealed than in the cases relating to specific legacies. An executor does take a qualified title to property which is specifically bequeathed (Blood v. Kane, *321 130 N. Y. 514, 517), but he has no real responsibility in respect of it and no duty to collect and administer it (Matter of Scull, 186 App. Div. 377, 381; see, also, Matter of Roth, 53 Misc 2d 1066, 1070). Hence the courts from the beginning excluded such property from the commission base, and the Legislature confirmed that policy in the statute which plainly says that the authority to consider other property as money (i.e., the commission base) “ shall not apply in case of a specific legacy or devise.” (SCPA 2307, subd. 2.) In spite of that explicit exclusion of specific legacies from the commission base, the courts have nonetheless consistently allowed commissions based upon the subject matter of specific legacies whenever the will required executorial action with respect to that specific property. (Matter of Roth, 29 A D 2d 941; Matter of Lane, 55 Misc 2d 88; Matter of Kuker, 22 Misc 2d 63; Matter of Mattes, 12 Misc 2d 502; Matter of Marshall, 199 Misc. 431; Matter of Berwind, 181 Misc. 559; Matter of Brooks, 119 Misc. 738, affd. 212 App. Div. 868; Matter of Grosvenor, 105 Misc. 344; Matter of Fisher, 93 App. Div. 186.) As we said in Matter of Kuker (supra, p. 65), the statute must be read with an eye to its purpose of fixing the dollar value of services necessarily rendered by the executor, and the test is whether the will requires performance of regular executorial duties with respect to the property specifically bequeathed.
There is no explicit provision in the statute excluding realty from the commission base except where it is specifically devised. On the contrary, the statute originally said that the value “ of any real or personal property ” was to be considered as money in the computation of commissions (Surrogate’s Ct. Act, § 285, subd. 2), and the use of the word “ property” in the present statute is meant to include realty as well as personalty (SCPA 103, subd. 41), so long as it is “ received, distributed or delivered” (SCPA 2307, subd. 2).
Although there are but few cases which allowed commissions on unsold realty, they proceed upon somewhat the same ground as those dealing with specific .legacies. In Matter of Condax (11 Misc 2d 819), the realty had been the subject of a partition action instituted by the decedent, continued by the executors, and ultimately settled. In Matter of Rohords (69 Misc 2d 1026), the will directed the realty to be sold and the proceeds divided between two daughters, but it also provided that if either daughter should desire to own the property it should be conveyed to her at one half the price determined by appraisal. One daughter did express that desire and the property was *322 conveyed as directed by the will. In Matter of Fox (N. Y. L. J., Aug. 15, 1968, p. 10, col. 4), the residuary estate was given in fractional shares and the executors exercised their authority to distribute in kind by conveying the realty to the trustee in satisfaction of the trust’s share of the residue. In Matter of Tenny (N. Y. L. J., April 17, 1967, p. 20, col. 5), Surrogate Silver allowed commissions in a similar situation, ruling that the executor had acted in the sound exercise of his executorial duties. In Matter of Kennedy (133 Misc. 904), the five residue ary legatees agreed upon a distribution in kind, whereby one was to take all real estate and the others received all persona^; property in equal shares. In all of these cases commissions were allowed on the realty. The allowance in each case must necessarily have been predicated on a finding that the executor had u received [and] distributed ” the real property, although such a finding was not expressed in all cases.
On the other hand, commissions were denied in Matter of Saphir (73 Misc 2d 907) in a decision in which Surrogate Sober extensively reviewed the subject of commissions on real property. There one third of the property was set up in trust for the benefit of the widow, remainder to their son, and the residue was given in trust for the son until he reached a specified age. The major asset of the estate was income-producing realty which the executor trustee administered, paying the income proportionately to the beneficiaries. When the residuary trust terminated, the son petitioned the court to turn over the realty to him for management inasmuch as he now owned two-thirds outright and had a remainder interest in the rest. The widow consented. The court ordered the fee conveyed to Mm after appropriate provision for the continuing trust by way of mortgage. The executor claimed commissions on the value of the realty conveyed pursuant to the couit order. After a comprehensive review and discussion of the decisions relating to commissions on real property, Surrogate Sober decided that the case before him did not constitute an exception to the general rule and that the executor had not received and distributed the property within the meaning of section 2307. As trustee, the fiduciary was held to have received the property but not to have distributed it under section 2309.
There are differences between the fact situation in that case and the facts in the present ease, though it may well be arguable whether the differences are so great as to call for a different result. In the Baphir case, the executor never made- any transfer or conveyance to Mmself as trustee. He managed the *323 property for some three years until one trust terminated. He had been managing it as trustee, and he also sought commissions for his services as trustee. In the latter capacity he took title to the realty for trust purposes and for the period of the trust, but as executor he did nothing but permit the property to vest in the trustee pursuant to the terms of the will. In the pending case, the executors did make the determination to distribute the property in kind so that it could he held for its investment value, rather than to sell it and use the proceeds in satisfaction of the balance of debts, expenses and the funding of the trust. To allow the realty to vest in the trustees of the two trusts in accordance with the terms of the will would have been objectionable because the trusts would not have been liquid, the estate taxes would not have been paid in full and adequate provision would not have been made for all expenses. Hence there was need for the executors to take over the property, arrange for payment of all taxes, debts and expenses to the extent that other assets were available and to make provision for satisfaction of all obligations and definition of the rights of all beneficiaries, principal and income.
The court therefore finds that the executors have 66 received, distributed or delivered ” real property within the meaning of SCPA 2307 (subd. 2), and that they are entitled to commissions for receiving and paying it. The decision does not depend upon purely technical principles, such as passing of legal title, but represents what is deemed to he a reasonable interpretation of the statute, that is, that it intends to fix reasonable compensation in a particular estate by application of the statutory rates to the body of property which the executors must take under administration and in respect of which they assume a risk of personal liability toward persons interested, for their taking, holding and disposition.