:S. Samuel Di Falco, S.
In this accounting proceeding objections have been raised concerning the request by two of the executors for the allowance of commissions on unsold real property.
Decedent, after making bequests of $1,000 to charity and all of his personal property and shares in a co-operative apartment to his wife, left his residuary estate including all his real property and the remainder of his personal property in trust. The real property has not been sold. The request by the executors for an allowance of commissions upon the real property is based solely upon their contention that they have performed services in managing this property. This, however, is not the criteria for an allowance of commissions.
It is a well-established rule that when real property vests pursuant to the terms of a will and the executorial power of sale expires, the executors are not entitled to commissions. (Matter of Tucker, 75 Misc 2d 318; Matter of Saphir, 73 Misc 2d 907; Matter of Lanzner, N. Y. L. J., Dec. 7, 1972, p. 15, col. 8.) In such cases no commission is allowable since the executor has not received or distributed the property. (Matter of Salomon, 252 N. Y. 381.)
The executors contend that this case comes within the exception to the general rule and rely upon this court’s holding *665 in Matter of Tucker (supra) to support their position. The court, is of the opinion that the reliance on Matter of Tucker is misplaced. In Tucker the realty .passed under the residuary clause of the .will which directed division in two equal parts. The will directed that all estate taxes he paid out of the second part of the residuary estate. It iwas this allocation which resulted in trusts of unequal size. The gross estate was valued at slightly over $1,171,000 of which $950,000 represented the value of the parcel of realty. The -debts and administration expenses, including taxes, were just under $250,000. Thus it was obvious .that the executors would either have to sell the realty or arrange to divide it between two trusts of unequal size. The executors distributed 64.55% to one trust and 35.45% to the second trust. Each trust principal was indebted to income for funds borrowed to meet principal obligations for debts and expenses. This court in allowing commissions on real property did not base its decision on the fact that the executors had managed the property but held that the executors were required to take executorial action and to allocate the real property between the two trusts. The executors in that case did not just permit the property to vest in the trustee pursuant to the terms of the will as here but made the determination to distribute the property in kind so that it could be held for its investment value, rather than to sell it and use the proceeds to satisfy the balance of debts, expenses and the funding of the trust.
This court, in Tucker, found that the executors had “ received, distributed or delivered ’ ’ real property .within the meaning of subdivision i2 of1 SOPA .2307. In the instant case no such finding can be made simply upon the fact that the executors performed, services in managing the real property. Where an executor is entitled to or required to collect rents, hold and manage real property, he is compensated by way of commissions on .gross rents plus he is entitled to management fees of 5% of the gross rents collected, provided he does actively manage the property. (Matter of Marshall, 11 N Y 2d 955; Matter of Burrows, 3 N Y 2d 869; Matter of Saphir, 73 Misc 2d 907, supra.)
While the executors herein do not claim management fees since they employed an agent, it is clear that they themselves made this choice. The objections to the allowance of commissions on real property are allowed and the account shall be amended.