OPINION OF THE COURT
John D. Bennett, J.
In this proceeding to settle the final account of the executor of the estate, commissions are sought on the value of certain shares of stock owned by the decedent and bequeathed to the Harry Doehla Foundation, Inc., to be held in trust.
The decedent’s will provides in part:
"sixth: I give and bequeath all of the shares of stock of doehla greeting cards, INC., which I may own at the time of my death, (or the proceeds thereof, in the event that my *177 Executor hereunder shall sell any or all of said stock as he is hereinafter empowered to do, pursuant to the terms of this Will) to the HARRY DOEHLA FOUNDATION, INC. * * *
"eleventh: * * * I also authorize and empower my Executor, in his sole discretion, to grant an option or options to those persons who are members of the Management Operating Committee of doehla greeting cards, inc. * * * to purchase any or all of the stock of doehla greeting cards, inc., owned by me at the time of my death. The purchase price and method of payment shall be determined by my Executor, in his sole discretion * * * In addition, I authorize and empower my Executor with respect to my interest in doehla greeting cards, inc. at the time of my death, to sell any or all of the said shares of stock, owned by me, to liquidate the company or to continue the company and to hold said shares of stock, on such terms as my Executor may deem to be most favorable to my estate and to the beneficiaries thereof’.
A legacy is specific when it is a bequest of a specified part of the testator’s personal estate (Tifft v Porter, 8 NY 516). Where there is a bequest of stock, a very slight indication by the testator of an intention to give shares then in his ownership is sufficient to make a legacy specific (Matter of Security Trust Co. of Rochester, 221 NY 213). A bequest of "all of the shares” of a specific company "which I may own at the time of my death” is a specific bequest (Matter of Bourne, 119 Misc 43, mod on other grounds 206 App Div 762, revd 237 NY 341). Moreover, a specific bequest of stock is not made general by a provision that the beneficiary is entitled to the stock or its proceeds (Matter of Lewis, 115 NYS2d 791; Matter of Dreyfus, 192 Misc 509). The proceeds of a sale of specified property is just as specific a legacy as if the property itself had been given (Matter of Hall, 144 Misc 264).
Having established that the bequest by the decedent of his shares of stock in Doehla Greeting Cards, Inc., in article sixth of his will is a specific bequest, the rule that commissions are not generally allowable on specific bequests would normally follow (Schenck v Dart, 22 NY 420; SCPA 2307). The one exception to the rule is where the will itself imposes upon the executor an executorial function with respect to the property (Matter of Brooks, 119 Misc 738, affd 212 App Div 868; Matter of Berwind, 181 Misc 559; Matter of Grosvenor, 105 Misc 344). Where the will itself does not impose a duty upon the executor to exercise general and executorial func *178 tians in connection with the subject of the bequest, commissions are not allowable (Matter of Povlsen, 62 Misc 2d 239; Matter of Hodge, NYLJ, May 8, 1974, p 19, col 8).
Here the executor alleges that at times he managed the day-to-day operation of the corporation, had numerous meetings to determine the financial status of the corporation and its future prospects, and entered into negotiations for the sale of the business. The preservation of the corporation as an asset of the estate pending distribution of the shares to the trustee does not in itself form the basis for commissions. In the present case, however, the will imposed upon the executor the responsibility of determining whether a major asset of the estate should be sold or distributed in kind.
There are a number of cases, most notably, Matter of Roth (29 AD2d 941) which hold that where an executor is required to make a determination regarding the sale of an asset of the estate which is the subject of a specific bequest, he is entitled to commissions (see, also, Matter of Tucker, 75 Misc 2d 318; Matter of Kuker, 22 Misc 2d 63). Under the circumstances of this case, the executor is entitled to commissions on the value of the decedent’s shares of Doehla Greeting Cards, Inc., and accordingly, the amount will be settled as filed, subject to audit.