OPINION OF THE COURT
C. Raymond Radican, J.
This estate has been pending for more than six years, letters testamentary having been issued to Long Island Trust Company and the decedent’s wife on August 8, 1980.
In his will and first codicil, the decedent bequeathed all of his testamentary assets, both real and personal, by specific bequests or devises. As a result, the residuary estate was insufficient to pay estate taxes and administration expenses. However, during its administration, the estate was able to generate more than $190,000 in income. The attorney for the executors seeks the court’s permission to use a portion of the income to satisfy pecuniary (monetary) bequests contained in the first codicil. The guardian ad litem for the decedent’s infant daughter, Michelle Maria, argues that the income from the principal of the specific bequests contained in the will may not be used to create a fund to pay the pecuniary bequests in the first codicil.
By far, the largest principal asset of the estate was the decedent’s stock interest in North Shore Masons Supply Corp. The 260 shares of the capital stock owned by the decedent when he died were redeemed by the estate pursuant to a redemption agreement and the court’s probate decree of June 27, 1980, directing such redemption. In paragraph fourth of the will the decedent disposed of his stock in North Shore Masons as follows: "I presently own 260 shares of capital stock of North Shore Masons Supply Corp., representing fifty-two (52%) per cent of the outstanding shares. I give my shares of capital stock of north shore masons supply corp., (or if such shares are redeemed or purchased after my death in accordance with an agreement among the shareholders and the Corporation, the proceeds of such redemption or sale) as follows”. Five shares were left to each of the decedent’s daughters, Lucrezia and Angelina, and the remaining 250 shares were divided equally between his wife, Rosaría, and his daughter, Michelle Maria.
A devise or bequest is specific if it consists of either a *816 specific or an identified item. It is a specified part of a testator’s personal estate distinguished from all others of the same kind. When the testator has used such language as "my shares” or any other equivalent designation, that has been held sufficient to indicate a specific bequest. "Moreover, a specific bequest of stock is not made general by a provision that the beneficiary is entitled to the stock or its proceeds (Matter of Lewis, 115 NYS2d 791; Matter of Dreyfus, 192 Misc 509). The proceeds of a sale of specified property is just as specific a legacy as if the property itself had been given (Matter of Hall, 144 Misc 264).” (Matter of Doehla, 104 Misc 2d 176, 177.) Based upon Matter of Doehla (supra) and the decedent’s own language employed in paragraph fourth of the will, the fact that the stock in North Shore Masons Supply Corp. was redeemed did not change the character of the legacy from a specific bequest to a general bequest. Specific bequests like joint property, insurance and pensions are considered as if passing directly to the beneficiary upon the death of the decedent subject to the right of the executor to use it for the payment of debts when the personal property not specifically bequeathed is insufficient (Blood v Kane, 130 NY 514; Matter of Grosvenor, 105 Misc 344). Since title to the stock in North Shore Masons Supply Corp. vested in the specific beneficiaries at the time of the testator’s death, the specific beneficiaries and none of the other legatees are entitled to the net income from the property disposed of to them, respectively (EPTL 11-2.1 [d] [2]).
Regarding the effect of the first codicil on the disposition of the estate, in paragraph first, the testator bequeathed $1,500 to each of his 10 grandchildren and $3,000 to each of his three adopted daughters. The codicil also provides that these pecuniary bequests are to be treated as specific dispositions under the provisions of EPTL 13-1.3. When the provisions of the abatement statute, EPTL 13-1.3, are inconsistent with the express or implied intention of the testator to distinguish real from personal property or to prefer certain beneficiaries to others, the property of the estate should be applied and the interests of the beneficiaries under the will shall abate in such manner as is necessary to give effect to the testator’s intention (EPTL 13-1.3 [e]). It appears from the account and the supplemental account that there were sufficient assets to set aside the amount needed to satisfy the bequests under the first codicil, subject to the payment of taxes and administration expenses. The executors should have *817 segregated all the specific legacies under the will and first codicil and then, in accordance with the testator’s direction, abated each of the legacies proportionately (EPTL 13-1.3).
Contrary to the testator’s intention, there was a preference shown for the specific beneficiaries under the will to the detriment of the beneficiaries under the first codicil. This preference led to the total dissipation of the pecuniary bequests for the payment of taxes and administration expenses.
Under these circumstances, the rights of the beneficiaries under the first codicil have been impaired and they are entitled to be indemnified by all the other beneficiaries and distributees so as to accomplish an abatement in accordance with the provisions of EPTL 13-1.3 (EPTL 13-1.3 [fp.
The executors shall amend their account accordingly.