---

(89 App. Div. 565.)

## In re EGAN'S ESTATE.

(Supreme Court, Appellate Division, First Department. January 8, 1904.)

1. EXECUTOR—ACCOUNTING—ASSIGNEE OF SPECIFIC LEGACY—RIGHT TO ENFORCE.
   Code Civ. Proc. § 2727, provides that a petition praying for an account- ing by an executor may be presented by a creditor or person interested in the estate or fund, including a child born after the making of a will, or by any person in behalf of an infant so interested, or by a surety on the bond of the person required to account, or such surety's legal representatives. Section 1819 authorizes a legatee to maintain an action against a personal representative one year after the granting of letters, on failure to pay the legacy. *Held*, that the remedy of an assignee of a specific legacy, where there were no claims of creditors, was under section 1819, and not under section 2727.
   O'Brien, J., dissenting.

Appeal from Surrogate's Court, New York County.

Proceedings by Michael Stanley to compel an accounting by Addie Egan as executrix of the estate of Patrick Henry Egan, deceased. From an order requiring an accounting, the executrix appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-LIN, O'BRIEN, and INGRAHAM, JJ.

Jacob Fromme, for appellant.
Joseph K. Ellenbogen, for respondent.

INGRAHAM, J. The respondent, Michael Stanley, presented to the Surrogate's Court a petition alleging that he was the assignee of a specific legacy of a diamond stud bequeathed to Francis J. Egan by the last will and testament of Patrick Henry Egan, deceased, which was admitted to probate by the surrogate of the county of New York on the 21st day of September, 1893; that letters testamentary on the estate of the said deceased were issued to Addie Egan and the said Francis J. Egan on the 13th day of September, 1893; that the letters issued to the said Francis J. Egan were revoked by a decree of the surrogate on April 2, 1894; that the said executrix has not rendered any account of her proceedings as such, and

that the diamond stud is still in her possession, and has never been delivered to said Francis J. Egan. Wherefore the petitioner asks that the accounts of the executrix may be judicially settled, and that she may be required to render and settle her accounts as such executrix. Upon this petition a citation was issued requiring the executrix to appear and show cause why the prayer of the petition should not be granted. The executrix filed an answer to such petition, denying that Francis J. Egan or the petitioner was entitled to the said diamond stud, and alleging that, after letters were issued to said executrix and said Francis J. Egan as executor, the said Francis J. Egan surreptitiously withdrew from the bank the money that was deposited to the credit of the decedent, to wit, the sum of $1,219.30, the greater part of which he converted to his own use, which was one of the grounds of his removal by the surrogate as executor; that the said diamond stud was appraised at $200; that by said will the said executrix was made the sole beneficiary, with the exception that the remainder of some real estate was devised to the decedent's nephews, and the diamond stud in question was bequeathed to said Francis J. Egan, and that there are no debts; that the executrix has the said diamond stud in her possession, and has at all times been ready and willing to surrender the same, provided the said Francis J. Egan would make good the amount of money that he had converted, belonging to the said estate, while in office as executor, which is far in excess of the value of said stud; that in March, 1895, the executrix commenced proceedings to compel the said Francis J. Egan to account as executor, and thereupon proceedings were had, and the matter referred by the surrogate to a referee, who has not yet reported; that the petitioner in January, 1895, presented a petition to the Surrogate's Court asking for the same relief as is asked for in this proceeding; and that by an order of the court made and entered on the 1st day of March, 1895, after a full and complete hearing, said application was denied, and no leave has been given to the petitioner to renew said application.

The right to compel an accounting by the personal representatives of a decedent is regulated by sections 2726 and 2727 of the Code of Civil Procedure. Under section 2726 the surrogate was authorized to compel a judicial settlement of the accounts of the executor, and section 2727 describes the persons who are authorized to apply for a decree compelling an executor to account. That section provides that:

"A petition praying for the judicial settlement of an account and that the executor or administrator be cited to show cause why he should not render and settle his accounts, may be presented in a case prescribed in the last section, by a creditor or a person interested in the estate or fund, including a child born after the making of a will; or by any person in behalf of an infant so interested; or by a surety on the official bond of the person required to account, or the legal representatives of such a surety."

It is clear that the petitioner does not come within the provisions of this section. He is neither a creditor nor a person interested in the estate or fund, nor is he a surety on the official bond of the person required to account. He is the assignee of a legatee of a chat-

tel. He has no interest in the estate of the decedent, except the chattel specifically bequeathed. This executrix, being the legatee of all the personal estate with the exception of this diamond stud, should not be compelled to account upon the petition of one having no interest in the estate except the right to the diamond stud specifically bequeathed. The right to receive the specific bequest, where there are no debts due from the decedent, does not at all depend upon the amount of property received by the executrix, or upon the disposition of the estate by her. The legatee was entitled to the chattel specifically bequeathed, irrespective of the amount of the property of the estate received by the executrix, and he could have maintained an action to recover this chattel so specifically bequeathed, under section 1819 of the Code; but there was no justification for compelling an executrix to go to the expense of an accounting on the petition of a person who is merely the assignee of the legatee of a specific chattel, when there is no claim that the refusal of the executrix to deliver that chattel is based upon the demands of creditors. In answer to this petition, the executrix expressly alleges that there are no debts due by the decedent; and in such a case the proper remedy to enforce the right to recover a chattel specifically bequeathed is an action at law against the executrix, and not a proceeding to compel the executrix to account.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the proceeding dismissed, with costs. All concur, except O'BRIEN, J., who dissents.

O'BRIEN, J. (dissenting). I think it illogical to reverse this order, when the surrogate, on his own motion, has the right to direct an accounting. Code Civ. Proc. § 2726.