against the defendant, and the allegations were added to the complaint for the purpose of avoiding the discharge in bankruptcy, and also for the purpose of obtaining the further rights afforded by said section 549.

This action is not in repudiation of the contract, but in affirmance thereof, and, as it is not inconsistent with the former action, the plaintiff is not barred from maintaining the same. The complaint should not have been dismissed, but the issues joined by the pleadings should have been tried and determined on their merits.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

---

LADIES' UNION BENEV. SOC. v. VAN NATTA.

(Supreme Court, Appellate Division, Third Department. June 30, 1904.)

1. COSTS—ACTION TO RECOVER LEGACY—DEMAND FOR MONEY JUDGMENT.

Under Code Civ. Proc. § 1819, declaring that, if an executor refuses to pay a legacy, the person entitled thereto may maintain such action as the case requires, and section 3229, providing that defendant is entitled to costs of course on final judgment in an action in which the complaint demands judgment for money only, an executor is entitled to costs on final judgment in his favor in an action brought against him under section 1819, in which judgment is demanded for a certain sum, and the principal issue is whether or not the legacies claimed were revoked by a codicil.

Appeal from Special Term, Tompkins County.

Action by the Ladies' Union Benevolent Society against John E. Van Natta, as executor of Dwight McIntyre, deceased. From an order denying a motion for an order directing the taxation of defendant's costs, he appeals. Reversed.

See 88 N. Y. Supp. 413.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Tompkins, Cobb & Cobb (Myron N. Tompkins, of counsel), for appellant.

E. H. Bostwick, for respondent.

CHASE, J.    This action was brought under section 1819 of the Code of Civil Procedure to obtain judgment for the amount of two general legacies of $1,000 each. The demand for judgment in the complaint is as follow: "Wherefore plaintiff demands judgment against the defendant for the sum of two thousand dollars, with interest thereon from the 14th day of November, 1894, besides the costs of this action." The defendant answered, and on the trial the principal contention of the defendant was that the legacies had been revoked by a codicil attached to the original will of the testator. The court decided in favor of the defendant, and dismissed the complaint without awarding costs to either party, or giving any direction in regard thereto. The defendant, after due notice to the plaintiff, presented to the clerk of Tompkins county a statement of his costs for taxation, and said clerk decided that the defendant was not entitled to costs. A

motion was then made at Special Term for an order directing said clerk to tax the defendant's costs, which motion was denied.

This is not an action in which it was necessary for the executor to account. The legacies were general legacies for specific amounts. In such an action, where the complaint demands judgment for a sum of money, the existence, sufficiency, or want of assets shall not be pleaded by either party, and the plaintiff's right of recovery is not affected thereby except with respect to the costs to be awarded as prescribed by law. Code Civ. Proc. § 1824. It is not an action to construe the testator's will, although a construction of the will, including the codicil, was necessary in determining whether the legacies had been revoked. The construction of the will was incidental to the action for a money judgment in the same way that it is frequently necessary to construe a contract in an action at law thereon.

On the facts in this case the action was one at law (Matter of Egan's Estate, 89 App. Div. 565, 85 N. Y. Supp. 663), where the costs are fixed by statute. By section 3228 of the Code of Civil Procedure a plaintiff is entitled to costs of course upon the rendering of final judgment in his favor in the actions specified in the first three subdivisions of said section, and subdivision 4 of said section then provides for costs in "an action, other than one of those specified in the foregoing subdivisions of this section, in which the complaint demands judgment for a sum of money only. But the plaintiff is not entitled to costs under this subdivision, unless he recovers the sum of fifty dollars or more." In Murtha v. Curley, 92 N. Y. 359, the Court of Appeals, referring to subdivision 4 of said section 3228, says:

"Under this subdivision it does not matter whether the action be legal or equitable, the sole condition being that the judgment demanded must be for money only."

The defendant is entitled to costs of course upon the rendering of final judgment in an action specified in the last section unless the plaintiff is entitled to costs, as therein prescribed. Code Civ. Proc. § 3229.

Milliman, in his book on the Law of Costs, at page 7, says:

"All costs in equity actions, except an action in which the complaint demands judgment for a sum of money only, are in the discretion of the court. Under subdivision 4 of section 3228 of the Code of Civil Procedure costs are granted as a matter of right to the plaintiff if he succeeds in an action wherein the complaint demands judgment for a sum of money only. Section 3229 gives costs as a matter of right to the defendant in such an action in case he succeeds. It makes no difference whether the action be legal or equitable."

See Baylies, Trial Practice (2d Ed.) 489.

The clerk should have taxed the defendant's costs.

The order denying the defendant's motion should be reversed, with $10 costs and disbursements, and the defendant's motion should be granted, with $10 costs. All concur.