### STEARNS v. TITUS et al.

(Supreme Court, Appellate Division, First Department. June 15, 1906.)

COSTS—ACTION FOR MALICIOUS PROSECUTION—COSTS IN FAVOR OF SUCCESSFUL DEFENDANT.

    Under Code Civ. Proc. § 3229, providing that a defendant is entitled to costs on the rendition of final judgment in his favor in an action for malicious prosecution, etc., a defendant is entitled to costs on final judgment in his favor in an action for malicious prosecution though he was represented at the trial by the corporation counsel of the city, who received no compensation for his services other than his salary.

Appeal from Special Term, New York County.

Action by George A. Stearns against George F. Titus and others. There was a judgment for defendants, who appealed from an order granting plaintiff's motion for a retaxation of costs. Reversed, with costs, and motion to retax denied.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Terence Farley, for appellants.
George A. Stearns, for respondent.

McLAUGHLIN, J. This action was brought to recover $5,000 damages for malicious prosecution and false imprisonment. Two of the defendants were members of the police force of the city of New York. All of the defendants interposed separate answers by the corporation counsel of the city of New York, which put in issue the material allegations of the complaint. The issues raised by the answers of the respective defendants came to trial, which resulted in a verdict for the defendants. Subsequently, on notice, the defendants taxed their costs, against plaintiff's objection, at $118.85, and judgment was entered upon the merits for that amount. Judgment having been entered, plaintiff moved for a retaxation of costs. The motion was based upon an affidavit of the plaintiff to the effect that the defendants appeared in the action by the corporation counsel, and were represented at the trial by him or his assistant, Mr. Breckenridge; that the assistant was sworn as a witness at the trial, and testified that he was acting in his official capacity, representing the corporation counsel, and was receiving no compensation except his salary for the services rendered. The motion was granted, and the clerk was directed to retax the costs, and on such retaxation to strike out all of the items taxed except one, a disbursement for $2 for witnesses' fees, and that upon plaintiff's paying such sum the judgment for costs be discharged of record. The defendants appeal from this order.

I am of the opinion the order should be reversed. The action was at law, and the defendants, having succeeded, were entitled to costs as a matter of right. Section 3229 of the Code of Civil Procedure provides that the defendant is entitled to costs upon the rendering of a final judgment in an action specified in the last section (and this is such an action) unless the plaintiff is entitled to costs as therein prescribed. The court had no discretion in the matter. The defendants succeeded upon the merits, and they thereupon became, by express provision of the statute, entitled to the costs which the statute gave them. Stevens v. Central Nat. Bank, 168 N. Y. 560, 61 N. E. 904; Benevolent Society v. Van Natta, 96 App. Div. 99, 88 N. Y. Supp. 1083; Levene v. Hahner, 62 App. Div. 195, 70 N. Y. Supp. 913. The fact that the defendants were represented on the trial by the corporation counsel or his assistant, who received no compensation for his services other than his official salary, is, in and of itself, of no importance, because the right to costs is given by the statute, and does not in any way depend upon the discretion of the court as to whether or not costs should be awarded.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion to retax denied, with $10 costs. All concur.