In the Matter of the Judicial Settlement of the Account of Proceedings of COLUMBIA TRUST COMPANY, as Executor of the Last Will and Testament of LYDIA ANN SCULL, Deceased.

NATHANIEL CURTIS, Appellant; COLUMBIA TRUST COMPANY, as Executor, Respondent.

First Department, February 21, 1919.

Executors and administrators — will — title to specific legacy of personal property stored in foreign country — duty of executor to take possession of and deliver property specifically bequeathed — indebtedness of testatrix in foreign country where property specifically bequeathed is located.

Where a testatrix who was domiciled in the city of New York executed her will there and thereby bequeathed to her nephew all her clothing, jewelry and personal effects, and it was stipulated that at the time of her death the property bequeathed was in storage in Paris, France, the

First Department, February, 1919.          [Vol. 186.

executor, not needing the property in the administration of the estate, was not bound to take possession thereof and bring it to the domicile of the testatrix and there tender delivery to her nephew.

Title to a specific legacy vests upon the death of the testatrix not in the executor but in the legatee.

An executor may deliver a specific legacy at any time in his discretion and may require a bond for the protection of the estate in the event that it should be necessary to resort thereto.

An executor is not obliged to take possession of property specifically bequeathed or to bring it to or to collect it at the domicile of the testator, unless it is needed in the administration of the estate, and, therefore, unless the executor takes possession of it the legatee, in whom the title is vested, must care for it at his peril, and must take it as and where it is.

But it is the duty of an administrator with respect to all personal property and of an executor with respect to all such property not specifically bequeathed, to sell or dispose of it or bring it home to the domicile of his intestate or testator for administration.

Under the circumstances of this case it is not to be presumed that the testatrix left creditors in France who have not been paid or that there may be any obstacle, which the estate ought to remove, to the specific legatee's obtaining possession of the property.

APPEAL by Nathaniel Curtis, a legatee, from a decree of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 25th day of June, 1918, settling the final accounts of the executor herein in so far as said decree approves the delivery to appellant by the executor of a specific legacy and credits the executor with the same.

*Charles Adkins Baker* of counsel [*Herman Aaron* with him on the brief; *Parker & Aaron,* attorneys], for the appellant.

*Sydney G. Soons* of counsel [*Charles E. Hotchkiss* with him on the brief; *Davies, Auerbach & Cornell,* attorneys], for the respondent Columbia Trust Company, as executor, etc.

LAUGHLIN, J.:

The testatrix, who was domiciled in the city and county of New York, executed her will there, on the 20th of December, 1915, and a second codicil thereto on the 19th of December, 1916, in and by which she made a bequest to the appellant, as follows, viz.: " *First:* I give and bequeath to my nephew, Nathaniel Curtis, all my clothing, jewelry and other personal effects, pictures, paintings, trunks and furniture, and other

similar chattels, to be his absolutely, but in the confidence that he will dispose of the same in accordance with the understanding which exists between us."

It was stipulated that at the time of her death the property bequeathed to the appellant was on storage with Maple & Co., Paris, France. The executor did not need the property in the administration of the estate, and never took formal possession thereof. It was inventoried and was appraised for the purpose of the transfer tax, which the appellant paid, at $3,551.89. The transfer tax appraisal having been made and the tax paid, we are not concerned with any duty an executor may owe with respect thereto. On the 24th day of January, 1918, the executor duly executed, acknowledged and delivered to the appellant a formal assent to and confirmation of his title to the property so bequeathed, and on the same day wrote the warehouse company informing it thereof and inclosing a copy of the inventory and appraisal of the property, which had been made in Paris, and a copy of the will and codicil, and informed it that " All expenses for storage, insurance, etc.," on the property were to be assumed from that date by the appellant, whose address it gave, and asked for a bill for such charges down to that date, and stated that it would remit therefor. On the twelfth day of February thereafter the executor received a letter from the warehouse company acknowledging the receipt of said letter and the inclosures and stating that the warehouse company had noted the fact that the legatee would assume the future charges for " storage, insurance, etc.," and inclosing its bill for accrued charges which the executor paid.

The petition of the executor for the settlement of its accounts contained in schedules thereto annexed was filed on the 25th of March, 1918, and the citations issued thereon were returnable April sixteenth. The appellant appeared in the proceeding on April twelfth and on the return of the citation the account was " marked for decree." On the twenty-second of April the appellant filed objections to the account on the ground that the property specified in the item in question had not been delivered to him and on the ground that the executor's account does not charge it with that item. The decree was entered on the twenty-fourth of

June and therein the action of the executor with respect to this item is approved and confirmed as a proper delivery and its account crediting it with such delivery is approved and confirmed and the objections thereto are overruled, and the funds on hand are directed to be distributed, and on compliance therewith the executor is discharged from further liability.

The appellant contends that it is the duty of the executor, at the expense of the estate, to take possession of the property and bring it to the domicile of the testatrix and to tender delivery to him here.

I am unable to agree with that contention. This was a specific legacy and title upon the death of the testatrix vested, not in the executor, but in the appellant. (*Matter of Utica Trust & .Deposit Co.*, 148 App. Div. 525; *Matter of Tailer*, 147 id. 741, 747; affd., 205 N. Y. 599; *Matter of Delaney*, 133 App. Div. 409; affd., 196 N. Y. 530; *Maas v. German Savings Bank*, 73 App. Div. 524; affd., 176 N. Y. 377; *Matter of Egan*, 89 App. Div. 565; Jessup & Redf. Surr. §§ 919, 920.) It is of course the duty of the executor to inventory property specifically bequeathed to the end that it may be appraised and resorted to, if necessary, for the payment of debts and the expenses of administration and the payment of any legacies having priority, and in order that any transfer tax thereon may be paid; but unless it be needed for one of those purposes the executor is under no obligation to take possession of such property or to deliver the same to the legatee to whom the title has already passed, subject only to this right of the executor. Formerly the executor had one year within which to determine whether a specific legacy was required in the administration of the estate and at the expiration of that period it was his duty to " discharge " specific legacies (Code Civ. Proc. § 2721, added by Laws of 1893, chap. 686), but now he is at liberty to deliver a specific legacy, other than securities representing money, at any time in his discretion and may require a bond for the protection of the estate in the event that it should be necessary to resort thereto. (Code Civ. Proc. § 2688, as amd. and renum. by Laws of 1914, chap. 443.) In *Matter of Utica Trust & Deposit Co.* (*supra*) the title of the testator to personal property spe-

cifically bequeathed was disputed. There, likewise, the property was not needed in the administration of the estate and the executor, who had not taken possession thereof, informally *assented* to the title of the legatees but they insisted that it was the duty of the executor, at the expense of the estate, to recover possession of the property and to deliver it to them, and on that theory they filed objections to the account of the executor in which it credited itself with the delivery of the specific legacies. It was held, by a divided court, that when the executor determined that the specific legacies were not needed and relinquished any claim thereto on the part of the estate the title of the legatees became absolute and that they took it as and where it was, and that the executor was not required to recover possession or to make *actual* physical delivery. All of the members of the court in that case agreed that if the title of the testatrix had not been controverted, good delivery could have been made by the executor by merely assenting to title and without *actual* delivery. The property in question there was within the jurisdiction of the court and by the decision the executor was required to assign it to the legatee for there had been no formal instrument executed by him relinquishing any claim on the part of the estate. That decision is, I think, both logical and sound, in view of the fact that the title in such case vests directly in the legatee. It is quite obvious in the case at bar that the objections were filed and this appeal has been taken to have it decided that it is the duty of the executor, at the expense of the estate, to bring this household furniture and effects from France and to deliver them to the appellant here. No other point is raised by the objections filed by the appellant or is presented by the stipulated facts upon which the objections were heard. No authority has been cited, and we have found none, covering this point. I am of opinion, however, that on principle the executor is not obliged to take possession of property specifically bequeathed or to bring it to or to collect it at the domicile of the testator, unless it is needed in the administration of the estate, and that, therefore, unless the executor takes possession of it the legatee, in whom the title is vested, must care for it at his peril, and must take it *as and where* it is.

The authorities holding that the personal property of one dying *intestate* should be collected for distribution at his domicile (*Holmes* v. *Remsen*, 4 Johns. Ch. 470), and that the law of the domicile of the testator governs in the distribution of his personal property, and that any such property in another jurisdiction not voluntarily surrendered to the administrator or executor must be reduced to possession through ancillary administration through which it may be held and appropriated to the extent necessary to satisfy the claims of creditors in that jurisdiction (*Wilkins* v. *Ellett*, 9 Wall. 741; *Parsons* v. *Lyman*, 20 N. Y. 103; *Matter of Butler*, 38 id. 397; *Maas* v. *German Savings Bank, supra;* Croswell Exrs. & Admrs. § 577), are not in point where, as here, the will is silent on the subject, although the testatrix presumably knew where the property was and she so bequeathed it by a specific bequest that title passed to the legatee and not to him through the executor. She made her will and codicils here and it is stipulated that at that time the property was in the warehouse in Paris where it is now. Undoubtedly it is the duty of an administrator with respect to *all* personal property and of an executor with respect to *all such property not specifically bequeathed,* to sell or dispose of it or bring it home to the domicile of his intestate or testator for administration; but I do not understand that to be the rule with respect to *specific legacies.* According to the contention of the appellant, if a launch or yacht on Lake Geneva in Switzerland were bequeathed to him, it would be the duty of the executor to make delivery here if that were possible, no matter how great the expense to the estate, and so, too, if it were a dredging plant in the Philippine Islands or mining machinery or appliances in Alaska or Chili, even though the property might be suitable only for use where it was and the expenses of transportation might exceed its value. These and other like considerations convince me that the contention of the appellant should not be sustained.

It is evident from the letter from the warehouse company, to which reference has been made, that it has accepted the appellant as the bailor of the property. It is now suggested by the appellant, however, that it is probable or possible that there may be creditors of the testatrix in France and

that this property may be seized or held for the satisfaction of such claims. This evidently is an afterthought, for the facts stipulated are insufficient to present the point. The record does not show whether or not the testatrix was ever in France otherwise than may be inferred from the description of the property in the provisions of the will containing the bequest. The law presumes solvency in such case and according to the decree, the testatrix left property valued at upwards of $50,000. All creditors known to the executor or who have presented claims have been paid in full. It is not to be presumed in the circumstances that she left creditors in France who have not been paid or that there may be any obstacle, which the estate ought to remove, to appellants' obtaining possession of the property. He had ample time after the executor relinquished any claim in behalf of the estate and before the decree to obtain possession of the property, or endeavor to obtain it, and thereby determine whether or not any claim would be made against it which should be borne by the estate.

Title passed to the appellant, but it was upon a secret trust, by which he is morally though not legally bound. He does not even inform us to whom he was to distribute the property in accordance with his understanding with the testatrix recited in the codicil, or where they resided. He was the nephew of the testatrix and presumably in a position to furnish further material evidence, if he intended seriously to claim that there was any basis for an inference that it was likely that the testatrix left French creditors.

In the circumstances I am of opinion that no ground for arresting the final distribution of this estate is presented. If the appellant shall be obliged, in obtaining possession of the property, to make any payment or expenditure which should be borne by the estate, he should, in the circumstances, be left to his remedy against the distributees of the estate.

It follows that the order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., PAGE, SHEARN and MERRELL, JJ., concurred.

Decree affirmed, with ten dollars costs and disbursements.