OPINION OF THE COURT
Millard L. Midonick, S.
This intermediate accounting proceeding was brought by the *941 the executor of the estate, Henry P. Poole, who will resign after the judicial settlement of his account. His account covers the period from the date of death, December 4, 1968, to October 20, 1976 and is stated in an account and a supplemental account. The widow of the decedent, Dorothy Berg Mann, who is the sole residuary legatee of the estate, filed objections to the account, and after a trial with respect to the issues raised by her objections, this court rendered its decision which appeared in the New York Law Journal on August 31, 1976 (p 8, col 3). In that decision, this court sustained three of her objections, relating to the executor’s failure to sell a speculative security after a reasonable time, his failure to invest estate cash in an interest-bearing account and his failure to obtain a refund of overpaid Ohio estate taxes, which resulted in a total surcharge of $11,231.79. In that decision, this court further stated that the questions of attorneys’ fees and executor’s commissions would be determined at the time of the settlement of the executor’s final account and directed the executor to file a supplemental final account to date.
The testamentary estate approximated $250,000 and the taxable estate approximated $350,000. The executor has filed the supplemental account and affidavits of legal services have been submitted to the court by the attorneys for the executor and the attorneys for the objectant. In addition, an accounting firm has submitted a claim against the estate in which it seeks payment of its fee for accounting services rendered to the estate. Objections to the payment of its fee by the estate have been made by the widow. The parties, in a stipulation entered on the record, have agreed to a determination of legal fees and commissions and the accountant’s claim on the papers submitted, in lieu of hearing.
The accounting, firm has submitted an affidavit valuing its services at $12,844. The bulk of its work dealt with preparation of the accounting schedules and complex and difficult analysis of the estate’s interest in Goodbody & Co., a New York stock brokerage firm, the value of which interest was the basis of some of the objections to the account. A member of the accounting firm was available to testify at the trial, but was not called as a witness in light of the testimony of the accountants for the partnership who do not seek compensation from the estate. The accounting firm is entitled to reasonable compensation for the services rendered (Matter of Kramer, 78 Misc 2d 662; Matter of Jadwin, 58 Misc 2d 809). On the basis *942 of the nature and size of this estate, the services rendered, the time spent, the necessity of the services, and the total attorneys’ fees paid and awarded in this estate (cf. Matter of Feit, NYLJ, Sept. 13, 1976, p 11, col 5), the court finds that the reasonable value of the accounting firm’s services is $5,000 and its compensation is fixed in that amount.
The court has reviewed the affidavits submitted by the attorneys for both the executor and the objectant with respect to their respective fee applications. The attorneys for the executor have represented him from the time of the filing of objections to his account through the present, and have spent more than $50,000 of legal time. They also seek costs totaling $5,900 plus itemized disbursements. Prior to the accounting proceeding, legal fees totaling $7,000 were paid to other attorneys retained by the executor for their services in connection with the probate and administration of the estate. These paid fees, being fair and reasonable in light of all of the factors set forth in Matter of Potts (213 App Div 59, affd 241 NY 593), Matter of Snell (17 AD2d 490) and Matter of Freeman (34 NY2d 1), are hereby approved.
The objectant-widow contends that the present attorneys for the executor are not entitled to fees payable out of the estate because their representation of the executor was made necessary by the executor’s inattention to and disregard of his duties as executor. The court cannot agree with this contention. The objections of . the widow, if sustained, would have resulted in a surcharge of almost $100,000. Instead, this court, after trial of the issues raised by the objections, sustained only three of the objections and surcharged the executor a total of $11,231.79. This court’s decision with respect to the surcharge noted that the executor was neither accused of bad faith nor of using funds for his own benefit. Indeed, the only negligence found was with respect to the failure to make timely claim for restitution of the overpayment of Ohio estate taxes, which resulted in a surcharge of $669; in addition, the court found imprudence and failure to act diligently with respect to one investment which led to a surcharge of $5,250 plus simple interest. Under these circumstances, the executor was justified in employing counsel to protect his interests against clearly excessive objections and clearly excessive claims for surcharge. (Cf. Ellis v Kelsey, 241 NY 374, 382.) The services of these attorneys were beneficial to this estate (cf. Jessup v Smith, 223 NY 203) especially in light of the fact that the bulk of *943 their time was spent in connection with defending the management of the estate’s interest in Goodbody & Co. This court found that the executor preserved the decedent’s interest in that brokerage firm. In fact, this decedent’s death limited his liability as a partner of this failing partnership and enabled his estate to obtain some return of his investment, which had he lived, would have all been lost. Accordingly, in consideration of all of the factors set forth in Matter of Potts (supra), Matter of Snell (supra) and Matter of Freeman (supra) and in view of all fees paid and fixed herein, this court fixes the fees of the attorneys for the executor at $25,000, including costs, but without prejudice to their receiving additional compensation from the executor personally if so advised, plus itemized and proper disbursements to be fixed and allowed upon the settlement of the decree on accounting herein.
 The attorneys for the objectant-widow seek fees of $10,000 payable out of the estate. The general rule is that attorneys retained by persons interested in an estate are entitled to compensation from the estate only where their services have resulted in enhancement or financial gain to the estate by the bringing in of new or additional assets (Matter of Lounsberry, 226 App Div 291; Matter of Graves, 197 Misc 638; Matter of Lambert, NYLJ, May 19, 1977, p 11, col 2). In this matter, the attorneys for the objectant succeeded in obtaining a surcharge of approximately $11,000 from the executor which is not an amount of relatively great magnitude. Nevertheless, their services were not merely nominal in overcoming an obviously erroneous claim by the fiduciary (Matter of Graves, supra) and the issues involved at the trial were complex. The surcharge was based upon a finding of improper retention of an investment and failure to invest estate assets and resulted in the addition of assets to the estate. It is hereby determined that a reasonable fee for the services which enhanced the value of the estate by bringing the amount of the surcharge into the estate is $5,000 and the fee of the attorneys for the objectant is fixed in that amount without prejudice to their receiving additional compensation from their client (Matter of Ablett, 3 NY2d 261; Matter of James, 2 Misc 2d 468).
An issue has also been presented with respect to the proper computation of the commissions of the executor who will resign upon the settlement of his account. This resigning executor is entitled to reasonable compensation which shall not exceed the compensation payable under SCPA 2307 (Mat *944 ter of Allen, 96 NY 327; Matter of Klarsfeld, 13 Misc 2d 353). This executor shall receive commissions computed under SCPA 2307 on all assets received by him, excluding the amount of the surcharge which has been directed to be deducted from any commissions payable to him (Matter of Berg, NYLJ, Aug. 31, 1976, p 7, col 3, supra). To the extent the surcharge exceeds commissions, it should be paid into the estate but it should not be included in the estate for the purpose of the computation of receiving or paying commissions. He is also entitled to paying commissions under SCPA 2307 on all amounts actually distributed or paid out by him. He is not entitled to paying commissions on amounts, if any, that he will pay over to a successor executor nor is he entitled to any amounts paid out of the surcharge. To answer the objectant’s contention that no commissions be awarded this executor, this court has not found gross negligence or misfeasance or nonfeasance which would warrant the denial of commissions. (But cf. Matter of Ducas, 109 NYS2d 17, affd 279 App Div 730; Matter of Israel, 64 Misc 2d 1035.)
The final issue to be determined herein is whether the widow should be directed to return to the estate the sum of $58,485.02 which was distributed to her by the executor prior to the presentation of claims against the estate by the Internal Revenue Service and prior to the filing of objections to the account. The affidavit supplementing the account sets forth the only assets on hand at the present time as cash totaling about $25,000 and property in the State of Texas. The Texas property is being claimed by the widow under community property law principles whereas the executor contends that the property belongs to the estate because the estate paid the installments due on the decedent’s contract of purchase of the property. In any event, the property has an inventory value of $12,850 and a possible market value of about $40,000. The Internal Revenue Service has filed claims totaling about $90,-000 against the estate for income taxes prior to death and after death arising out of the failure of the Goodbody & Co. partnership. These claims may be settled for $21,000 including interest. There is insufficient cash in the estate to pay the fees and commissions fixed herein which are entitled to priority (SCPA 1811). If the fees and commissions fixed herein were paid, the estate will not have sufficient assets to pay the Internal Revenue Service claim and the executor may be personally liable thereon due to his distribution to the widow *945 objectant. (US Code, tit 31, § 191.) The Internal Revenue Service has appeared in the accounting proceeding and contends that there is such personal liability on the part of the executor. Accordingly, the obj ectant-widow is directed to refund so much of the cash previously distributed to her as shall be needed by the estate for the payment of proper administration expenses and claims. (See SCPA 2215; generally, Matter of Fisch, 58 Misc 2d 193.) Under principles of conflict of laws, the widow owns half of the Texas real property in her own right as community property, and the estate owns half, the latter half also belonging to her via this estate. Her control over this property and its sale will be restricted to protect the claims herein for administration claims and restitutional claims by the retiring executor for the benefit of the Internal Revenue Service claim.
Submit decree settling account on notice.