OPINION OF THE COURT
Millard L. Midonick, S.
In this executors’ accounting proceeding, the guardian ad litem appointed to represent the interests of secondary income beneficiaries and remaindermen of the residuary trust created under the will has raised numerous questions with respect to attorneys’ fees and commissions. Pursuant to a stipulation of settlement on the record in open court, the parties have resolved their differences with respect to attorneys’ fees. The parties have agreed to submit for determination by the court on the papers the questions concerning the commissionability of a remainder interest for a trust created under the will of the decedent’s brother and the amount of commissions due a deceased preliminary executor. The executors have also requested that the court determine the amount of income which is due beneficiaries who postdeceased the decedent.
With respect to the question of commissions to the executors, the guardian ad litem has questioned whether the decedent’s interest in the remainder of a trust created under the will of his brother is commissionable. By decision of this court dated May 25, 1977 in the Estate of Herbert Bernstein, it was determined that the decedent, Walter Bernstein, had a vested remainder interest in a trust created under Herbert’s will for the life benefit of Herbert’s wife, who is still alive. On the death of Herbert’s wife, the remainder of the trust will be payable to Walter’s estate and that remainder interest was thus includible in Walter’s estate for estate tax and accounting purposes at an actuarial value of $240,045. Nevertheless, the asset has not actually been received by the executors since Herbert’s wife is still living and receiving the income of the trust. Unless Herbert’s wife dies before the conclusion of this accounting proceeding, the vested remainder interest will presumably be assigned to the residuary trust created under *900 Walter’s will; in any event, the executors of Walter’s estate will not receive the remainder interest so long as Herbert’s wife lives.
 The general rule regarding executors’ commissions is that executors are not entitled to commissions upon uncollected receivables. (Matter of Hall, 73 NYS2d 304; Matter of Keane, 97 Misc 213.) As was stated by Surrogate Silverman in Matter of Bonfig (NYLJ, Nov. 2, 1967, p 19, col 8): "debts owed to the decedent [and derivatively to his estate] under a contract held by decedent are not part of the base for measuring commissions to the fiduciary except to the extent * * * received by the fiduciary”. As in Bonñg, these executors had to render certain services in relation to the remainder interest, including participation in the construction proceeding and consideration of the issues in connection with its inclusion in the estate for estate tax purposes. Nevertheless, as in Matter of Bonñg (supra): "although commissions are paid to the fiduciaries as compensation for services rendered, the amount of the compensation is not measured by the amount of the services.” Thus, the executors are not entitled to commissions on the amount of the remainder interest of the trust created under the will of Herbert Bernstein.
The estate of a deceased preliminary executrix requests that the court fix the amount of commissions due such executrix for services she rendered to the estate prior to her death. The estate of the deceased preliminary executrix urges the court to fix her compensation on total receiving commissions at $39,603.62. The guardian ad litem has objected to this amount on the ground that the preliminary executrix served as such for only 13 days prior to her death, and urges that the court award her estate a modest amount based upon the value of her efforts during those 13 days. It is urged, however, that the preliminary executrix expended time and effort in the administration and preservation of the assets of the estate prior to the location of the decedent’s will and that she actually served the estate for a period of approximately four and one-half months after the decedent’s death in connection with the locating, inventorying and preserving of estate assets. Under the applicable law and as conceded by all the parties, it is clear that a deceased fiduciary is not entitled to statutory commissions (cf. Matter of Barker, 230 NY 364; Matter of McGrath, 74 Misc 2d 92; see Matter of Berg, 91 Misc 2d 939). Instead, the compensation of the deceased fiduciary is to be *901 measured by the value of her services to the estate, not to exceed an amount equal to statutory commissions. In view of the short amount of time in which this preliminary executrix served the estate and the services she rendered (cf. Matter of Levy, NYLJ, Feb. 16, 1978, p 14, col 3), the compensation of the deceased preliminary executrix is fixed in the amount of $10,000.
The executors request the court to determine the amount of income payable to deceased income beneficiaries of the decedent’s estate. Article sixth of the will creates a one million dollar trust for the benefit of decedent’s four sisters, who are named as equal income beneficiaries. The will provides as follows: "Upon the death of any one of my said sisters, I direct that her share of the net income be divided equally among the surviving sisters and upon the death of the last of my sisters, the said trust shall cease and terminate and the accrued income and the principal of the said trust shall thereupon be divided into six equal parts or shares, and distributed equally among and added to the residuary trusts set up in Paragraph 12th of this Will to be held by my trustee upon the trusts, terms and conditions set forth in said Paragraph 12th hereof.”
The decedent herein died on December 2, 1974. One of the sisters died on April 15, 1975 and her estate was paid accrued income to that date. A second sister died May 3, 1977 and her estate has only been paid income actually received as of the date of her death. The question raised is whether the estate of the second sister who died has a right to accrued and undistributed income as of the date of her death. EPTL 11-2.1 (subd [m]) states that the provisions of that section shall apply except as specifically provided in the will. Under EPTL 11-2.1 (subd [c], par [4]), the estate of a deceased income beneficiary is entitled to undistributed and accrued income. The question is thus presented whether the will otherwise provides by the language in article sixth quoted above. The testator states that a deceased sister’s "share of income” is payable to the surviving sisters, but the will does not specifically state that the share of that income includes undistributed and accrued income. Since there is no express language in the will on the question presented herein, the court determines that EPTL 11-2.1 (subd [c], par [4]) applies and that the estates of the deceased sisters are entitled to income accrued to the date of each sister’s death, whether or not such income was received on that date.
*902 The executors are directed to file a supplemental account as soon as the estate tax proceedings have been concluded bringing the account down to date. At that time, all other open issues can be submitted to the court for determination and a decree settling the account can be settled upon notice.