■ In the Matter of the Estate of MAX MITTMAN, Deceased. YAFFA SCHLESINGER, as Executrix of MARTIN SCHLESINGER, Deceased, Appellant; DONALD SNIDER, as Administrator C.T.A, Respondent.—In a proceeding to fix commissions of a deceased fiduciary, the petitioner appeals from a decree of the Surrogate's Court, Queens County (Laurino, S.), dated May 2, 1985, which dismissed the petition.

Decree reversed, on the law and the facts, without costs or disbursements, and matter remitted to the Surrogate's Court, Queens County, for a hearing and determination on the issue of the value of the services rendered to the estate of Max Mittman, the amount not to exceed statutory compensation on the 24% of the stock as to which the deceased fiduciary carried out necessary executorial functions *(see,* SCPA 2307).

The estate of Max Mittman consisted almost entirely of his closely held corporation, M. Mittman & Co. Upon his death on September 19, 1977, Mittman bequeathed 24% of the corporation's shares of stock outright to his son Bernard Mittman, 24% in trust for the benefit of his daughter, Alice Agrin, and the rest, along with the residue of the estate, in trust for the

benefit of his wife Frieda Mittman. As coexecutors and co-trustees of the two trusts he named his son, his accountant Arthur Meyers, and his attorney Martin Schlesinger. After Max Mittman's death Bernard Mittman took charge of running the company.

The shares of stock were neither marshaled nor distributed by the executors. However, in early 1981, coexecutors Schlesinger and Meyers filed a petition to compel Bernard Mittman to render an accounting, liquidate corporate assets and fund the trusts, alleging that Bernard had utilized estate assets for his own benefit to the detriment of estate beneficiary Alice Agrin. The petitioner explains, and no one disputes, that it was necessary to postpone filing the petition until completion of Federal estate tax proceedings.

Schlesinger's failure to marshal and distribute the shares of stock does not appear to reflect dereliction in the performance of his fiduciary duties, such as would support a denial of commissions (see, Matter of Smith, 91 AD2d 789, 791). Indeed, distribution of stock certificates would be an empty gesture if the trusts into which they are to be placed will remain, as a practical matter, unfunded by more than those pieces of paper. Part of Schlesinger's obligation as coexecutor was to ensure that the corporation was operated so as to benefit all the estate beneficiaries, and to fund the provided-for trusts.

Moreover, the Surrogate found Schlesinger's proceeding to compel Bernard Mittman to account to be meritorious, and assented to the claim that the trust should be funded. Thus the respondent's suggestion that Schlesinger's actions were not for the benefit of the estate, while neither provable nor disprovable, should be rejected. The fact that the parties to the accounting proceeding entered into a stipulation to sell the corporation's major asset, a building owned by the corporation's wholly owned subsidiary, by no means reflects that Schlesinger was acting against the interests of the estate, nor does the tenant's subsequent baseless lawsuit demonstrate bad motives on Schlesinger's part.

We conclude that Schlesinger's estate should have been compensated. However, as the fiduciary is deceased, his estate is not entitled to statutory commissions, but rather should be compensated for the value of the services he provided, in an amount not to exceed the applicable statutory commission (see, Matter of Barker, 230 NY 364, 371; Matter of Bernstein, 94 Misc 2d 898, 900-901).

On the question of the applicable statutory commission, we

agree with the Surrogate that the bequests of all the shares of stock were specific bequests, notwithstanding that some were bequeathed through a residuary clause; the stock was issued by the testator's closely held corporation, was not available on the open market, and it was apparent that the testator intended his wife to get the remaining 52% of the stock not bequeathed to their children *(see, Matter of Security Trust Co.,* 221 NY 213; *Matter of Farone,* 101 AD2d 986, 987, *revd on other grounds* 65 NY2d 764).* Nevertheless, the administering of specific bequests may warrant a commission, if the executor is required to perform executorial duties with respect to the property *(see, Matter of Roth,* 29 AD2d 941).* While Schlesinger was not required to sell or invest any of the shares *(see, Matter of Doehla,* 104 Misc 2d 176),* he was obliged to take substantial legal action to protect the interest of estate beneficiary Alice Agrin, the beneficial owner of 24% of the stock who otherwise would apparently have received nothing more than paper stock certificates. Thus statutory commissions would be appropriate as to the value of that portion of the estate.

Because the record includes no evidence of the quantum meruit value of Schlesinger's services, we remit the matter to the Surrogate's Court for a determination of that issue. Bracken, J. P., Brown, Niehoff and Eiber, JJ., concur.