■ In the Matter of the Estate of MAX MITTMAN, Deceased. YAFFA SCHLESINGER, as Executrix of MARTIN SCHLESINGER, Deceased, Appellant; DONALD SNIDER, as Administrator, C.T.A., of the Estate of MAX MITTMAN, Deceased, Respondent. —In a proceeding to fix commissions of a deceased fiduciary, the petitioner appeals from an order of the Surrogate's Court, Queens County (Laurino, S.), entered September 22, 1987, which, upon remittitur from this court, fixed the compensation due to the petitioner at $5,129.42.

Ordered that the order is modified by deleting from the third decretal paragraph thereof the words "Bernard (Boris) Mittman" and substituting therefor the words "the Estate of Max Mittman"; as so modified, the order is affirmed, without costs or disbursements.

Pursuant to decision and order of this court (Matter of Mittman, 123 AD2d 631), the instant proceeding was remitted

for a hearing to determine the amount of just compensation due to the petitioner, the estate of Martin Schlesinger, for the services rendered by Schlesinger as executor to the respondent estate. This court stated that since the fiduciary was deceased, he was not entitled to statutory commissions (see, SCPA 2307) but was entitled to a quantum meruit award as compensation for his services in protecting the interests of Alice Agrin, one of the beneficiaries. This interest is comprised of 12 shares of stock in a corporation wholly owned by the testator. This court ordered that the compensation fixed should not exceed the applicable statutory commission regarding those shares of stock.

We find that the Surrogate did not abuse his discretion in determining the value of the shares devised to Alice Agrin for purposes of this proceeding at the value fixed in the estate tax proceeding as of the date of death of the testator, i.e., approximately $104,000 (Matter of Williams, 71 Misc 2d 243, 244-245, citing Matter of Hoff, 186 Misc 684, affd 270 App Div 891, affd 296 NY 650). Although there was a subsequent agreement in which the Agrin shares were to be sold for approximately $690,000, the record reveals the deceased fiduciary's services did not contribute to this appreciation and, thus, the Surrogate's valuation was a reasonable exercise of his discretion (see, Matter of Sheinman, 52 Misc 2d 220). Based on this determination of value, the Surrogate's award constituted the equivalent of the maximum commission within the purview of SCPA 2307.

However, we find that the court erred in directing Bernard Mittman, another beneficiary, to personally pay the compensation awarded. Although a settlement agreement had been executed by the beneficiaries of the Max Mittman estate whereby Bernard Mittman had agreed to pay all commissions due to the petitioner, neither the estate nor the petitioner were parties to the stipulation. As the estate is responsible for the payment of the commissions of its executors (SCPA 2215), liability for such payment should have been imposed on the Mittman estate. Lawrence, J. P., Rubin, Spatt and Sullivan, JJ., concur.