■ DENISE WOHL, Respondent, v LARRY WOHL, Appellant. [880 NYS2d 481]—

Order, Supreme Court, New York County (Harold Beeler, J.), entered November 21, 2008, which denied defendant's motion for partial summary judgment seeking to limit the evaluation period for the appreciation of certain of defendant's separate property, or, in the alternative, for a declaration limiting the evaluation period for the appreciation of this property to the period of time after this property was formally received by him from the estate of his father rather than from the time of his father's death and bequest, unanimously affirmed, with costs.

Marital property, subject to equitable distribution, "includes property acquired by either spouse during the marriage 'regardless of the form in which title is held' " (*Bartha v Bartha*, 15 AD3d 111, 115 [2005], quoting Domestic Relations Law § 236 [B] [1] [c]). Here, the court properly denied defendant's motion because defendant acquired a property interest in certain businesses upon his father's death in 1979 (see *Matter of Columbia Trust Co.*, 186 App Div 377, 380 [1919]). It is irrelevant that the business interests inherited by defendant were not distributed for some 25 years, purportedly due to an internal family dispute.

Thus, although defendant's actual interest in the subject businesses is his separate property, "any appreciation in value of such separate property may be subject to distribution if there is a nexus between the titled spouse's efforts and the increase in value and those efforts were 'aided or facilitated' by the nontitled spouse" (*Van Dyke v Van Dyke*, 273 AD2d 589, 592 [2000], quoting *Hartog v Hartog*, 85 NY2d 36, 46 [1995], quoting *Price v Price*, 69 NY2d 8, 18 [1986]). Concur—Andrias, J.P., Catterson, Renwick, DeGrasse and Freedman, JJ.